Appellant Edward R. Smith appeals a judgment of the Holmes County Common Pleas Court classifying him as a sexual predator pursuant R.C. 2950.09(C)(1): The assignments of error are as follows:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN THE COURT ADMITTED HEARSAY STATEMENTS UNDER THE EXCITED UTTERANCE EXCEPTION, OVER OBJECTION OF DEFENSE COUNSEL, AT THE DEFENDANT/APPELLANT'S SEXUAL PREDATOR HEARING.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT'S DETERMINATION THAT THE DEFENDANT/APPELLANT WAS A SEXUAL PREDATOR WAS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR NO. 3
 THE APPLICATION 2950.09(C)(1) TO THE DEFENDANT/APPELLANT VIOLATES ARTICLE 11, SECTION 28 OF THE OHIO CONSTITUTION WHICH PROHIBITS THE GENERAL ASSEMBLY FROM PASSING RETROACTIVE LAWS.
On May 20, 1996, appellant was convicted upon a guilty plea to one charge of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Appellant was fined $5,000, ordered to pay restitution in the amount of $1170, and was incarcerated for two years.
Following the enactment of R.C. 2950, the Warden of the Pickaway Correctional Institution recommended that appellant be adjudicated as a sexual predator. Following the recommendation, the court held a hearing. At the conclusion of the hearing, the court found appellant to be a sexual predator as defined in the statute.
 I
Appellant argues that the court erred in admitting hearsay evidence. The court allowed a children's services investigator to testify at the hearing that in response to questioning, the victim in the instant case stated that the sexual conduct had happened to her "lots of times." The court admitted the evidence as an excited utterance. Appellant argues that this is not an excited utterance, as the investigator testified the child was calm and relaxed when the statements were given.
The Ohio Rules of Evidence do not strictly apply to a sexual predator determination hearing and therefore, reliable hearsay may be relied upon by the trial judge. State v. Cook (1998),83 Ohio St.3d 404, 425. Therefore, the court did not err in admitting the statements of the three year old child made to the children's services investigator at the hospital, where she was being examined for an incident of sexual contact between her and appellant.
The first assignment of error is overruled.
 II
Appellant argues that the judgment finding him to be a sexual predator is against the manifest weight of the evidence.
A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. C.E. Morris Company v. FoleyConstruction Company (1978), 54 Ohio St.2d 279.
Sexual predator is defined as a person who had been convicted of or pleaded guilty to committing a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). In making this determination the court shall consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
At the time of the offense, appellant was seventy-two years old. The victim was three years old at the time of the offense. Appellant was a neighbor of the victim and her family at the time the abuse occurred. The child was interviewed at the emergency room of a local hospital, where the victim's parents had taken her after she returned home from appellant's house, and told them he had sexually abused her. When the child was interviewed at the emergency room, she told the investigator that appellant had done this to her "lots of times." Therefore, the court properly concluded there was evidence that the sexual contact was part of a demonstrated pattern of abuse.
The judgment of the court finding appellant to be a sexual predator is not against the manifest weight of the evidence.
 III
Appellant challenges the sexual predator statute on the basis of ex post facto and retroactivity. This assignment of error is overruled on the authority of State v. Cook, supra.
The third assignment of error is overruled.
The judgment of the Holmes County Common Pleas Court is affirmed.
By Gwin, P.J., Wise, P.J., and Farmer, J., concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Common Pleas Court is affirmed.
--------------------
--------------------
 -------------------- JUDGES